Matter  of  the  Estate  of  CORNELIUS  D.  DuBois,
Deceased.

(Surrogate's Court, New York County, February, 1917.)

Transfer tax — what subject to — taxes — partnership — constitutional
law — Tax Law as amended in 1915, § 220.

Where a non-resident at the time of his death was a member
of a firm whose principal place of business was in the city of
New York, the amount of certain profits credited to him on the
firm's books but not withdrawn continued to be partnership
assets and subject to a transfer tax under section 220 of the
Tax Law, as amended in 1915.

The sum paid by the surviving partners under the terms of
the partnership agreement to the personal representative of
the deceased partner for his interest in all the other assets of
the business, including the good will, was also subject to a
transfer tax under said section of the Tax Law.

APPEAL from an order assessing the transfer tax.

Lloyd & Maddox (Morris Henry Frank, of counsel),
for executors.

Lafayette B. Gleason (Schuyler C. Carlton ,of counsel), for state comptroller.

Fowler, S. Decedent died on the 27th day of July, 1915, and at the date of his death he was a member of the firm of Frank & DuBois. The firm's principal place of business was in the city of New York. The decedent had his domicile in the state of New Jersey.

Section 220 of the Tax Law, as amended by chapter 664 of the Laws of 1915, provided that the transfer by a non-resident of " an interest in any partnership business conducted, wholly or partly, within the state of New York " was subject to a tax in this state.

The partnership agreement provided as follows: " Each partner may draw from the profits of the business from time to time as he may desire for his individual use his full share of the profits, provided such profits shall have been actually realized and received by the partnership." In an affidavit filed with the appraiser the executor alleged that prior to the death of the decedent there was a balance to his credit on the books of the firm amounting to $10,528.46, and that this was part of his share of the profits which had not been withdrawn by him. The appraiser included this amount as part of decedent's interest in the firm. The executor contends that it is exempt from taxation.

When the books of the firm were balanced and the profits ascertained and apportioned among the partners the mere entry on the books of the firm to the credit of the decedent's account of the amount of the profits apportioned to him did not effect a separation of such amount from the partnership assets; it continued part of the partnership property until it was actually withdrawn by the decedent. Therefore the property represented by the sum of $10,528.46 stand-

ing to the credit of the decedent on the books of the firm was at the date of decedent's death partnership property, although the sum represented the decedent's liquidated interest in the partnership profits. It was therefore an interest in the partnership and subject to tax under the provisions of the Tax Law above quoted.

The partnership agreement also provided that in case of the death of either of the partners during the continuance of the partnership agreement there should be paid by the surviving partners to the personal representative of the one so dying, for his share "in all of the other assets of the business, including the good will," a certain sum mentioned in the agreement, the payment to be made in four installments extending over a period of thirty-six months and to be evidenced by the promissory notes of the surviving partners. The amount which the partnership agreement provided should be paid to the personal representatives of the decedent was the sum of $50,000, and the appraiser ascertained the present value of that sum to be $47,170. The order entered on the appraiser's report assessed a tax on this amount. The executor contends that this amount is not taxable. If it was the value of the decedent's interest in the partnership at the time of his death it is subject to a tax under section 220 of the Tax Law. The executor alleges in Schedule B of the affidavit filed with the appraiser that the sum of $47,-170 " is the agreed value of decedent's interest in the firm of Frank & DuBois." The language used by the executor to describe the decedent's interest in the partnership brings such interest within the words of the Tax Law providing for the taxation of a non-resident's interest in a partnership doing business in the state.

The executor also contends that the amendment to section 220 of the Tax Law, which was effected by

222 MATTER OF BENSON.

Surrogate's Court, New York County, February, 1917. [Vol. 99.

chapter 664 of the Laws of 1915, is unconstitutional. This being a court of first instance, I will assume the constitutionality of the act. Order fixing tax affirmed.

Order affirmed.